# JS-6

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT A. TORRES, <br><br> Plaintiff, <br><br> v. <br><br> D. AVALOS, et al., <br><br> Defendants. | Case No. 2:23-cv-07141-FWS-AGR <br><br> ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND |

**I.**

**BACKGROUND**

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a document entitled "Injunction Relief Motion." (Dkt. No. 1.) The court denied the request for injunctive relief. (Dkt. No. 4.)

Subsequently, Plaintiff filed a series of three documents: a "motion to file" (Dkt. No. 8), a "memo: relief order (Dkt. No. 9), and a "memo" (Dkt. No. 10).

1

The court has screened the four documents (Dkt. Nos. 1, 8, 9, 10) to determine whether the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The court's screening is governed by the following standards:

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citations omitted).

A *pro se* complaint is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Before dismissing a *pro se* civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure them unless it is clear the deficiencies cannot be cured by amendment. *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). Nevertheless, "[under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).

## II.

## **DISCUSSION**

A court may dismiss a case at any time if the court determines that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). As stated in the Order Denying Request for Injunctive Relief, the allegations in the "Injunction Relief Motion" were "indecipherable and vague," and failed to satisfy the requirements of Fed. R. Civ. P. 8. (Dkt. No. 4 at 3.) The court was "unable to discern what civil rights cause(s) of action Plaintiff seeks to assert therein despite carefully reviewing the Motion." (*Id.*)

Plaintiff's subsequently filed documents provide no clarification. Plaintiff alternately refers to himself as royalty, a doctor, or a special agent of the CIA, FBI or DOJ under different names. (Dkt. No. 10 at 1, 6; Dkt. No. 9 at 1, 3; Dkt. No. 8 at 2.) Plaintiff elsewhere claims to be "undercover," possibly for the State Department. Plaintiff claims to have "won injunctive relief" to be moved to the "Sureno active yard" but the CDCR keeps him in a sensitive needs yard ("SNY"). (Dkt. No. 9 at 1.) Plaintiff also claims to have been given a presidential pardon but has been kept hostage or falsely imprisoned. (Dkt. No. 8 at 1.)

The court finds Plaintiff's claims are plainly frivolous and unintelligible. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("complaint . . . is frivolous where it lacks an arguable basis either in law or in fact"). To the extent Plaintiff seeks any relief, he apparently seeks release from prison. (Dkt. No. 8 at 2.) As this court explained in the Order Denying Request for Injunctive Relief, a request for

3

release from prison is addressed through a petition for writ of habeas corpus, not a civil rights action. (Order, Dkt. No. 3); *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Based on the record, the court concludes that Plaintiff cannot formulate a plausible claim for relief and leave to amend would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (leave to amend may be denied when amendment would be futile).

## **ORDER**

For the reasons discussed above, the court DISMISSES the above-captioned case without leave to amend.

**IT IS SO ORDERED.**

DATED: March 29, 2024

_____
Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE